UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LATASHA COOK, EBONY ROBERTS, ROZZIE SCOTT, and ROBERT LEVI<br><br>VERSUS<br><br>BOGALUSA CITY COURT and ROBERT J. BLACK, in his individual and official capacities | CIVIL ACTION<br><br>CASE NO. 16-11024<br><br>SECTION: B/5 |

**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**

MAY IT PLEASE THE COURT:

Defendant Robert J. Black respectfully submits this memorandum in opposition to *Plaintiffs' Renewed Motion for Class Certification* (R.Doc. 68) for the Court's consideration.

**INTRODUCTION:**

Plaintiffs Richard Bolgiano, Benny Graham, James Lorio, Bradley Moses, and Marisa Pam seek to certify a Class and Subclass for declaratory and/or injunctive relief under Claims One, Two, Three, Four and Six of their *First Amended Complaint* (R.Doc. 67).[1]

The proposed Class, entitled The Structural Bias Equitable Class (hereinafter "Class"), is defined as "All individuals who will appear in the Bogalusa City Court for criminal cases or who have unpaid fines and costs assessed by and owed to the City Court." This proposed Class addresses Claim One of plaintiffs' *First Amended Complaint* (R.Doc. 67) and seeks an

---

[1] Plaintiffs' *First Amended Complaint* (R.Doc. 67) also indicates an intent of plaintiffs, Ebony Roberts, Rozzie Scott, Latasha Cook, Robert Levi, to certify a class related to Claim Five, but such claim has not been noticed for hearing.

1

injunction and declaratory relief. Plaintiffs allege in Claim One that the manner in which the Bogalusa City Court is funded creates a structural conflict of interest between Judge Black's duty to impartially adjudicate cases and his executive responsibility to raise money to pay for the City Court's operating expenses, in violation of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

The proposed Subclass, entitled The Pay Date Equitable Subclass (hereinafter "Subclass"), is defined as, "All individuals who were or will be adjudicated guilty in the Bogalusa City Court, who have been or will be given a future date by which to return to City Court, and who have not paid the assessed fines and costs in full or have not completed the assessed community service prior to returning to City Court." This proposed Subclass addresses Claims Two, Three, Four and Six of plaintiffs' *First Amended Complaint* (R.Doc. 67). The claims are as follows:

Claim Two seeks an injunction or declaratory relief and alleges an on-going controversy between the named plaintiffs and Judge Black and that, pursuant to his practice, Judge Black will likely fail to make an inquiry into plaintiffs' ability to pay or complete community service before sentencing them to jail for non-payment of monetary penalties or failure to complete community service, in violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses.

Claim Three seeks declaratory relief and alleges an on-going controversy between the named plaintiffs and Judge Black and that, pursuant to his practice, Judge Black will likely fail to appoint counsel or provide alternative safeguards before requiring plaintiffs to pay illegal fees or ordering them to jail for non-payment of monetary penalties or failure to

complete community service, in violation of the Fourteenth Amendment's Due Process Clause.

Claim Four seeks declaratory relief and alleges an on-going controversy between the named plaintiffs and Judge Black and that, pursuant to his practice, Judge Black will likely order plaintiffs to jail for non-payment of monetary penalties if they fail to pay a $50 extension fee, in violation of the Fourteenth Amendment's Due Process Clause.

Claim Six seeks an injunction and declaratory relief and alleges an on-going controversy between the named plaintiffs and Judge Black and that, pursuant to his need to raise increased revenue for the City Court, Judge Black will impose unauthorized fees of a $50 extension fee or a $25 community service fee, in violation of the Fourteenth Amendment's Due Process Clause.

Plaintiffs' renewed motion to certify the Class and Subclass should be denied by this Honorable Court, in whole or in part, under several legal principles, namely, (1) that plaintiffs have no standing, either individually or in a representative capacity, to invoke the jurisdiction of the federal courts; (2) even if there is determined to be a justiciable case or controversy, this Honorable Court, pursuant to the *Younger* Doctrine, should abstain from enjoining or otherwise interfering with state judicial proceedings as the issues raised in plaintiffs' Claims One, Two, Three, Four and Six can be addressed through defense and/or appeal; and (3) judicial immunity prevents the granting of the injunctive relief sought in

this litigation. Because this Court does not have jurisdiction over plaintiffs' claims for class certification, the class certification must be denied.[2]

## LAW AND ARGUMENT:

### A. The case or controversy requirement is not met by the named plaintiffs, thus this Honorable Court lacks jurisdiction to hear this action.

Under Article III, Sec. 2 of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a "case or controversy." The U.S. Supreme Court holds this to be a "bedrock requirement." *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Id.* In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.2003) citing *City of Los Angeles v.* , 461 U.S. 95, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) and *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir.1991). Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.2003) citing *Emory v. Peeler,* 756 F.2d 1547, 1551–52 (11th Cir.1985). The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred and the

---

[2] See *De Luna v. Hidalgo Cty., Tex.*, 853 F.Supp.2d 623, 639 (S.D. Tex.2012) in which the Court held that because plaintiffs lacked the standing to obtain the equitable relief sought, class certification must be denied and the named Plaintiffs' claims against the Magistrates and all but their damages claim against the County must be dismissed.

4

continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. *Bauer,* 341 F.3d at 358. If none of the named plaintiffs purporting to represent the Class or Subclass establishes the requisite of a case or controversy with Judge Black, none may seek relief on behalf of himself or any other member of the class. *O'Shea v. Littleton*, 414 U.S. 488, 494–95, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974), citing *Bailey v. Patterson*, 369 U.S. 31, 32—33, 82 S.Ct. 549, 550—551, 7 L.Ed.2d 512 (1962), *Indiana Employment Division v. Burney*, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62 (1973).

### i. In General

Plaintiffs Benny Graham, Bradley Moses, Marisa Pam and James Lorio no longer have an open case pending in Bogalusa City Court.[3] Additionally, Judge Black, the only named defendant in connection with the claims made subject of this motion, has recused himself from presiding over the prosecution of all five named plaintiffs.[4] Accordingly, plaintiffs, individually, no longer have a continuing controversy sufficient to invoke the jurisdiction of this Court, individually or on behalf of the Class or Subclass, as there is no prosecution currently pending involving the named plaintiffs and/or these matters have been transferred from Judge Black to ad hoc Judge Donald A. Fendlason.

### ii. Claim One - Class

Moreover, the costs collected pursuant to La. R.S. 13:1899 and the portion of contempt fines retained by the Bogalusa City Court are no longer deposited into an account

---

[3] The case of plaintiff Richard Boligiano is currently set for May 17, 2017 to be heard by Hon. Donald A. Fendlason, ad hoc. See Exhibit "A", Affidavit of Tonia Deleon.
[4] See Exhibit "A", Affidavit of Tonia Deleon.

5

in which Judge Black has the sole discretion over how to spend the money generated.[5] This claim is therefore moot and as such, there neither exists a present case or controversy or one that will arise in the future sufficient to confer standing by the named plaintiffs.

### iii. Claims Four and Six – Subclass

Claims Four and Six are likewise moot with respect to the extension fee, as the court has ceased to impose this fee.[6] With respect to the community service fee, which is, as applied in Bogalusa City Court, authorized by law, none of the named plaintiffs were assessed this fee.[7] As such, there is no present case or controversy sufficient to confer standing by the named plaintiffs.

### iv. Claims Two and Three - Subclass

With respect to Claims Two and Three, the named plaintiffs' criminal cases have all been resolved with the exception of Richard Bolgiano, who must submit one random drug screen before his case can be closed. There is no continuing harm present with respect

---

[5] See Exhibit "A", Affidavit of Tonia Deleon. In short, the basis of plaintiffs' structural bias argument is that because Bogalusa City Court relies on La. R.S. 13:1899 costs and contempt fines imposed on offenders who either plead or are found guilty to generate the income needed to fully fund the Court's operations, Defendant Black, as the individual responsible for the Court's finances, will be incentivized to find offenders guilty or coerce them into pleading guilty. While this notion that Judge Black has not acted and will act not with impartiality or in accordance with justice or the law, but rather out of some self-serving need for City Court funding is absurd, Defendant does recognize that such structural arrangement *may* create an *appearance* of impartiality. When reviewing a claimed violation of the Fourteenth Amendment based on allegations that a Court is biased as a result of the Judge holding dual roles, jurisprudence holds a Court should look at 1) The substantiality of the revenue produced [1899 costs and contempt fines] as a percentage of overall revenues and 2) the degree of executive authority over the court's budget and/or funds. See *Ward v. Vill. of Monroeville, Ohio*, 409 U.S. 57, 60, 93 S.Ct. 80, 83, 34 L.Ed.2d 267 (1972) and *Dugan v. Ohio*, 277 U.S. 61, 48 S.Ct. 439, 72 L.Ed. 784 (1928). Removing the Judge's exclusive control over the funds, as has been done in Bogalusa City Court, thus removes the appearance of any bias by the Judge in adjudicating cases.
[6] See Exhibit "A", Affidavit of Tonia Deleon.
[7] See Exhibit "A", Affidavit of Tonia Deleon. La. R.S. 14:98.1 et seq. and La. C.Cr.P. art. 895.1, authorizing community service, and specifically participation in a litter abatement program (in addition to other requirements), as part of probation for a suspended sentence on a DWI charge, and authorizing the imposition of probation costs on an offender. For clarity, it should also be noted that this fee is not imposed in connection with a community service sentence for any other offense. Further, this fee is paid to the City to defray the costs of administering the litter abatement program; this is not an illegal fee or one imposed by the Court to increase Court revenue, as the plaintiffs have suggested.

to payment of a fine or community service (or the possibility that a named plaintiff will be jailed for non-payment of a fine or non-performance of community service) which is the basis of these claims, and the existence of any future claims of these named plaintiffs are too speculative to confer standing. A plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future in order to obtain an injunction or declaratory relief for past wrongs. *Bauer*, 341 F.3d at 358. See also *Ashcroft v. Mattis*, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977) and *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *Lyons*, 103 S.Ct. at 1665 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). Likewise, an argument that plaintiffs may be arrested and/or ticketed in the future and forced to appear in Bogalusa City Court again is not sufficient to supply standing because standing cannot be conferred based on the threat of a future criminal charge or arrest. *De Luna v. Hidalgo Cty.*, Tex., 853 F.Supp.2d 623, 638 (S.D. Tex.2012).[8] As the Supreme Court recognized in *O'Shea*, supra, attempting to anticipate whether and when a plaintiff will be charged with a crime and will

---

[8] In *De Luna*, two plaintiffs, on behalf of themselves and a purported class, brought a claim against defendant magistrate judges and the county challenging the constitutionality of their practice of jailing plaintiffs for unpaid fines or costs. The court held that it could not find a substantial likelihood that plaintiffs will be stopped and then ticketed for a traffic violation (or any other Class C violation), and that the conduct underlying the charge will be such that the fine will exceed the amount either plaintiff is able to pay. While recognizing that the challenged practice is somewhat likely to occur again in the future (as defendants conceded that they do not provide an indigency determination to every person charged with a Class C, fine-only misdemeanor), the Court held that plaintiffs' showing that they will again be incarcerated pursuant to this alleged policy depended on so many contingencies, most of which are speculative to varying degrees, that plaintiffs did not have the requisite standing to procced with their claims for declaratory and injunctive relief on their own or on behalf of the proposed class. *De Luna v. Hidalgo Cty.*, Tex., 853 F.Supp.2d 623, 639 (S.D. Tex.2012).

be made to appear before a defendant magistrate judge would take the Court into the area of speculation and conjecture. The Fifth Circuit has often held that plaintiffs lack standing to seek prospective relief against judges where the likelihood of future encounters is speculative. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir.1985); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283 (5th Cir.1992). *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.2003). As such, any argument that plaintiffs will appear in Bogalusa City Court before Judge Black in the future on a matter which they will plead or be adjudicated guilty, will not pay the fines and costs assessed or perform the community service ordered, and will be incarcerated for their failure to do so is insufficient to establish the jurisdiction of this Court. As the courts in *O'Shea* and *De Luna* courts recognized, such future encounters are rife with speculation and depend on many contingencies to confer standing.

It is anticipated that plaintiffs will attempt to use *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) to rebut defendant's opposition to class certification. However, the facts of *Gerstein* are easily distinguishable from the instant case.

The plaintiffs in *Gerstein* brought a class action under the Civil Rights Act seeking declaratory and injunctive relief against various judicial and prosecutorial officials, claiming a constitutional right to a judicial hearing on the issue of probable cause for pretrial detention. Although the named respondents had been convicted, ending their pretrial detention, at the time of oral argument before the Supreme Court, the Court held that the termination of a class representative's claim did not moot the claims of the unnamed members of the class because plaintiffs' claim was, "in short, is one that is distinctly 'capable of repetition, ***yet evading review.***'" (emphasis added). The claim in *Gerstein* dealt

8

with pretrial detention, which by nature is temporary. The Court noted that it was most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. *Id* at 110.

In contrast, the claims brought by plaintiffs in the instant litigation do not fall into that narrow category of cases which are capable of repetition, yet evading review. The claims all pertain to the adjudication and sentencing functions of a criminal and/or traffic proceeding in Bogalusa City Court. The alleged unconstitutional practices can be properly addressed during defense of the criminal prosecution or appeal of the matter. As the *Gerstein* court noted in footnote 9,[9] the injunctions sought by plaintiffs were not directed at the state prosecutions, but only at the legality of pretrial detention, which could not be raised in defense of the criminal prosecution. The issues plaintiffs herein complain of are not of the type that can be said to evade review and thus are not appropriate for class certification.

The named plaintiffs do not have a present case or controversy with Judge Black because their claims are too speculative (no real threat of repeated injury) under *DeLuna*, nor do the nature of their claims fall within the *Gerstein* narrow class of cases which are capable of repetition, yet evading review. Plaintiffs have no standing to bring the suits on behalf of themselves, or the purported Class and Subclass, and as such this Court is without jurisdiction and the class certification should be denied.

---

[9] Footnote 9 also includes support for abstention which provides a separate and additional basis for this Honorable Court to deny Plaintiffs' Renewed Motion for Class Certification.

9

> **B. Even if there were a justiciable case or controversy, this Honorable Court, pursuant to the *Younger* Doctrine, should abstain from enjoining or otherwise interfering with state judicial proceedings.**

Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts. *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). The foremost basis for this longstanding public policy is plain: the basic doctrine of equity jurisprudence holds that courts of equity should not act, ***and particularly should not act to restrain a criminal prosecution***, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. *Younger* 401 U.S. at 43–44. (emphasis added). The fundamental purpose of restraining equity jurisdiction within narrow limits is important in order to "prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Younger,* 401 U.S. at 44. *Bauer,* 341 F.3d at 357. Courts have recognized the danger that excessive superintending of state judicial functions "would constitute a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity." *O'Shea,* 414 U.S. 488, *Bauer,* 341 F.3d at 358.

A court potentially invoking *Younger's* abstention doctrine considers, "whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges. *Jeffrey Lang Wilson, Plaintiff, v. Judge Alicia Franklin York, Jennie Marie Coleman, Allette Williams,*

*& Theodore Haynes, Jr., Defendants.*, CV 4:17-0705, 2017 WL 1196219, at *2 (S.D. Tex. Mar. 31, 2017) citing *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir.2016). The burden is on the plaintiffs to show that the opportunity to raise constitutional challenges in the state proceeding is inadequate. *Odonnell v. Harris Cty., Texas,* CV H-16-1414, 2016 WL 7337549, at *11 (S.D. Tex. Dec. 16, 2016), *reconsideration denied*, CV H-16-1414, 2017 WL 784899 (S.D. Tex. Mar. 1, 2017), citing *Pennzoil Co. v. Texaco Inc*., 481 U.S. 1, 14, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). See also *Moore v. Sims*, 442 U.S. 415, 429–30, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Younger,* 401 U.S. at 45. Federal courts should not stay or enjoin state court proceedings except under special circumstances, where there is no adequate remedy at law ***and*** the danger of irreparable loss is both great and immediate.[10] *Rivera v. Freeman*, 469 F.2d 1159, 1164 (9th Cir.1972) citing *Younger*, supra. (emphasis added). These requirements are in the conjunctive; both must be shown before a federal court, as a court of equity, may act. *Rivera,* 469 F.2d 1159, 1164. The *Younger* abstention doctrine has been extended to declaratory judgment actions, as well. *Samuels v. Mackell*, 401 U.S. 66, 69–73, 91 S.Ct. 764, 766–68, 27 L.Ed.2d 688 (1971).

The claims comprising the Class and Subclass pertain to elements of the adjudication and sentencing functions of the Court during criminal and/or traffic proceedings. These claims are precisely the type the *Younger* abstention doctrine enjoins federal courts from entertaining.[11] The issues raised in the claims can and should be

---

[10] A showing of irreparable injury, by itself, is insufficient unless it is "both great and immediate." *Younger*, 401 U.S. at 46.

[11] See *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), Footnote 9, citing to *Younger* and noting that when an injunction is directed at state prosecutions, such relief would generally be barred by the equitable restrictions on federal intervention in state prosecutions.

11

properly addressed during defense of the matter or on appeal; plaintiffs have an adequate remedy at law. For this Honorable Court to review these claims would result in a "duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." The plaintiffs have not shown that their opportunity to raise these issue in state court is inadequate. Because there is an adequate remedy at law in state court, there is neither any danger of great and immediate irreparable loss.[12]

Plaintiffs' claims, individually and on behalf of the Class and Subclass, pertain to ongoing state judicial proceedings, which implicate important state interests and have an adequate remedy at law. For these reasons, this Court should abstain and deny class certification.

### C. Judicial Immunity Prevents the Granting of the Injunctive Relief Sought by Plaintiffs

Plaintiffs Richard Bolgiano, Benny Graham, James Lorio, Bradley Moses, and Marisa Pam seek an injunction and declaratory relief on behalf of themselves and the Class and Subclass pursuant to 42 U.S.C. § 1983 (R.Doc. 67, paragraphs 175, 181, 186, 194, 208). Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured by the United States Constitution or federal law. *City of St. Louis v.*

---

[12] See *O'Shea*, 414 U.S. at 502, in which the Supreme Court held that plaintiffs therein failed to establish the basic requisites of the issuance of equitable relief for a civil rights class action charging certain judges with depriving plaintiffs and members of their class of their rights under the Constitution and civil rights acts by engaging in a continuing pattern and practice of conduct consisting of illegal bond setting, sentencing, and jury fee practices in criminal cases, as there was no substantial and immediate irreparable injury. The Court, in declining jurisdiction, cited not only to the conjectural nature a future prosecution but also cited to the fact that if any of the respondents were ever prosecuted and faced trial in the future, or if they were illegally sentenced, there are available state and federal procedures which could provide relief from the wrongful conduct alleged, including but not limited to appeal.

*Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988). To prevail on a section 1983 claim, the plaintiff must show that: 1) the offending conduct was committed by a person acting under color of state law; and 2) the conduct deprived the plaintiff of rights secured by the Constitution or federal law. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 1909, 68 L.Ed.2d 420 (1981). *Bauer,* 341 F.3d at 357. However, Section 1983 also provides that injunctive relief is not available against a judicial officer for an act or omission in his judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. *Tesmer v. Granholm*, 114 F.Supp.2d 603, 605 (E.D.Mich.2000). *Bauer*, 341 F.3d at 357. Plaintiffs herein seek injunctive relief in Claims One, Two and Six. As each of these claims deal with aspects of adjudication and sentencing, these claims seek to enjoin Defendant Black from acting in his judicial capacity. Should this court decide to exercise its jurisdiction over this matter, despite the reasons cited hereinabove, declaratory relief is available and an injunction is not proper under Section 1983, as all but one of the named plaintiffs' underlying criminal cases are closed and the last remaining issue pertains to showing completion of a random drug screen, [13] an issue which is not the basis of any claim brought in this lawsuit. The judicial immunity in section 1983 prevents the injunctive relief sought by plaintiffs herein. Should this Court decided to exercise jurisdiction, class certification should be denied with respect to the injunctive relief sought.

---

[13] See Exhibit "A", Affidavit of Tonia Deleon.

**CONCLUSION:**

There are several legal principles providing a basis for denial of class certification based on lack of jurisdiction by this Honorable Court to hear the class claims. First, there exists no justiciable case or controversy sufficient to confer standing, either by plaintiffs individually or on behalf of a class. Secondly, even if there were a justiciable case or controversy, the *Younger* Doctrine dictates abstention of the federal courts from interfering with state court proceedings, and particularly criminal proceedings, of the type which form the basis of plaintiffs' claims. Finally, at least with respect to the injunctions sought, section 1983 prevents the granting of injunctive relief on these claims against Defendant Black. Accordingly, this Honorable Court should decline jurisdiction and deny plaintiffs' *Renewed Motion for Class Certification*.

Respectfully Submitted:

BY: /s/ E. B. DITTMER II
    **E. B. DITTMER II   (04967)**
    2250 7th Street
    Mandeville, LA  70471
    (985) 624-5010/Fax (985) 624-5306
    ted.dittmer@talleyanthony.com
    ATTORNEYS FOR DEFENDANT ROBERT J. BLACK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

And

JEFF LANDRY
Attorney General
**DAVID SANDERS (11696)**
**PATRICIA H. WILTON (18049)**
Assistant Attorney General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6026/Fax: (225) 326-6098
sandersd@ag.louisiana.gov
wiltonp@ag.louisiana.gov
ATTORNEYS FOR DEFENDANT ROBERT J. BLACK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

### CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017 a copy of the foregoing Pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following counsel of record by operation of the court's electronic filing system.

Ivy Wang
SOUTHERN POVERTY LAW CENTER
1055 St. Charles Avenue, Suite 505
New Orleans, Louisiana 70130
E: ivy.wang@splcenter.org

Micah West
Samuel Brooke
Emily Early
Sara Zampierin
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
E: micah.west@splcenter.org
E: samuel.brooke@splcenter.org
E: emily.early@splcenter.org
E: sara.zampierin@splcenter.org

/s/ E. B. DITTMER II_____