## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

LATASHA COOK, ROBERT LEVI,
EBONY ROBERTS, ROZZIE SCOTT,
RICHARD BOLGIANO, BENNY
GRAHAM, JAMES LORIO, BRADLEY
MOSES, and MARISA PAM, on behalf of
themselves and those similarly situated,

       Plaintiffs,

v.

ROBERT J. BLACK, in his individual and
official capacities, and BOGALUSA CITY
COURT,

       Defendants.

Case No. 2:16-cv-11024-ILRL-MBN
Section "B"(5)

### STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement (hereinafter "Agreement") is made by and among

Judge Robert J. Black ("Black") ("Defendant") and Richard Bolgiano ("Bolgiano"), Benny

Graham ("Graham"), James Lorio ("Lorio"), Bradley Moses ("Moses"), and Marisa Pam

("Pam") (hereinafter collectively "Plaintiffs") on behalf of themselves and each of their

respective heirs, successors, and assigns.  Defendant and Plaintiffs are collectively, from time to

time, referred to hereinafter as the "Parties."

WHEREAS, Plaintiffs filed a Complaint on June 21, 2016, and an Amended Complaint

on January 17, 2017, in the United States District Court for the Eastern District of Louisiana,

commencing a proposed class action lawsuit entitled, *Cook*, et al, *v. Bogalusa City Court*, et al.,

Civil Action No. 2:16-cv-11024 (the "Lawsuit") against Defendant,[1] which seeks declaratory and injunctive relief, as well as compensatory damages, and alleges violations of Plaintiffs' rights to due process and equal protection of the law under the Fourteenth Amendment to the U.S. Constitution as a result of Defendant's policies, practices, and customs;

WHEREAS, Defendant expressly denies any liability, fault, wrongdoing, or responsibility for any of the claims in the Lawsuit;

WHEREAS, it is the desire of the Parties to resolve all disputes as between and among them to settle the Lawsuit;

WHEREAS, Plaintiffs agree to dismiss the Lawsuit against Defendant according to the terms and conditions set forth in this Agreement; and

WHEREAS, the dismissal of the Lawsuit will only become effective upon the Court's retention of its limited jurisdiction over the Lawsuit for two hundred seventy (270) days from the date of the Court's approval to enforce the terms of this Agreement;

NOW, THEREFORE, in consideration of the promises and mutual covenants herein contained, and other good and valuable consideration passing between the Parties, and intending to be legally bound hereby, it is agreed:

## A.  COURT'S PROCEDURES

Defendant shall implement the procedures contained in the Bogalusa City Court Procedures for Appointment of Counsel, Fines and Court Costs, and Community Service,[2] and made part hereof.

---

[1] Plaintiffs also sued the Bogalusa City Court in connection with the Fifth Claim for Relief pled in the Complaint and First Amended Complaint but subsequently dismissed the Claim pursuant to a separate agreement, executed in May 2017, to settle the Fifth Claim for Relief.
[2] Attached as Exhibit A.

**B.  DURATION OF AGREEMENT**

1.  Defendant agrees to permanently follow the process for the collection of 1899 Court Costs and Contempt fines outlined in Paragraph 5 of Exhibit A.

2.  Defendant shall comply with the remaining terms of this Agreement for thirty (30) months.

3.  This Agreement is contingent upon the agreement of the United States District Court for the Eastern District of Louisiana to retain jurisdiction to enforce the provisions of this Agreement for a period of two hundred seventy (270) days.  If the Court declines to retain jurisdiction, the Agreement will be void.

**C.  MONITORING AND SETTLEMENT COMPLIANCE**

1.  Defendant shall notify Plaintiffs' counsel by email by close of the next business day of any City Court defendant being placed in jail for nonpayment of a fine or costs or contempt for nonperformance of community service or any other alternative to payment. Said notification shall be provided to the Southern Poverty Law Center at the following email address: micah.west@splcenter.org. The notification will include the City Court defendant's name, the date of the order jailing the defendant, and the indigency form.  If specifically requested, minute entries will be provided once they are prepared.  The responsibility for providing said notifications shall last for a total period of one-hundred-eighty (180) days.  Said reporting period: (a) shall begin ninety (90) days after the Parties execute this Agreement and (b) shall end two-hundred-seventy (270) days from the date this Agreement is executed.

2.  Defendant shall provide Plaintiffs' counsel with access to audio recordings and other court records pursuant to the Louisiana Public Records Act within 7 business days of

Plaintiffs' request.  Plaintiffs' counsel will make arrangements to inspect and/or copy at the City Court any audio recordings and other court records not otherwise produced in accordance with the requirement of Section C.1 by calling the Bogalusa City Court Clerk.

3.  Defendant shall provide Plaintiffs' counsel by email with a copy of the City Court's Income Statements[3] twice yearly on or about July 30 and December 31.  Said notification shall be provided to the Southern Poverty Law Center at the following email address: micah.west@splcenter.org.  The responsibility for providing these documents will end at the expiration of this Agreement, pursuant to Section B.2.

4.  Defendant shall provide Plaintiffs' counsel the City Court's budget proposals or amended budget requests to the City of Bogalusa within seven (7) days after they are submitted and the City of Bogalusa's final budget or approval of any amended budget for the City Court within twenty-one (21) days after they are approved by the City.  This obligation to notify is not limited to, but explicitly covers, any transfers from the City to the City Court from the special account maintained by the City of Bogalusa for costs collected pursuant to La. R.S. 13:1899.[4]  Said notification shall be provided to the Southern Poverty Law Center at the following email address: micah.west@splcenter.org.  The responsibility for providing these documents will end at the expiration of this Agreement.

---

[3] The Income Statements refer to the City Court's internal accounting of all revenue generated for the City Court or disbursed to other agencies.

[4] Costs collected pursuant to La. R.S. 13:1899 and a portion of contempt fees were previously deposited into the City Court's judicial expense account. Pursuant to this Agreement, the City Court will no longer assess or collect any court costs or any portion of contempt fees that are deposited into an account controlled directly by the City Court.

**D.  WARRANT AMNESTY DAYS**

1.  The City Court will designate at least one week within the six months following the execution of the Parties' Settlement Agreement during which individuals with outstanding arrest warrants for their failure to comply with a subpoena, summons, or order to appear, can appear at the City Court to receive a new hearing date and the formal notice thereof, and clear any warrants related to their failure to appear rather than being arrested.

2.  The amnesty days will be publicized through a press release provided to local media outlets at least seven (7), but not more than twenty-one (21), days before the scheduled amnesty days. The press release will be posted on the window and front door of the courthouse, as well as in front of the City Court's Clerk's office, and on the City Court website during the same timeframe.  The press release mentioned herein will contain the following sentences: "No person who appears at the City Court for an Amnesty Day will be jailed for non-payment or for a warrant for failing to appear.  The Court will provide you with a new court date and an opportunity to pay your fine and court costs.  If you are not sure if you have a current warrant for failure to appear, you can call the clerk's office at (985) 732-6204."

3.  Counsel for Plaintiffs will be notified of the dates of the amnesty days, and a copy of the press release will be sent to counsel for Plaintiffs, at least one week before the start of the amnesty days.

**E.  DISSEMINATION OF PROCEDURES**

1.  Within thirty (30) days of the approval of this Agreement by the United States District Court for the Eastern District of Louisiana, Defendant shall publish and disseminate this

Agreement to all personnel involved in the imposition and/or collection of fines, court costs, or other fees imposed by the City Court, including City Court staff, City Court public defenders, State and City of Bogalusa prosecutors, City Court marshals, City of Bogalusa Police Department staff, and City of Bogalusa jail staff.  This publication and dissemination shall include prominent placement of Exhibit A in the City Court and City of Bogalusa Jail, and on the City Court website.

## F.  ATTORNEYS' FEES AND EXPENSES

1. Each Party shall be responsible for his or her own attorneys' fees and expenses in connection with the Lawsuit.

## G.  DISMISSAL OF LAWSUIT

**1.** The Parties shall file with the Court within 10 days of the execution of this Agreement a Joint Motion to Approve Settlement, Retain Jurisdiction to Enforce Settlement Agreement, and Dismiss Pursuant to Rule 41(a)(1)(A)(ii), as agreed upon by the Parties and attached hereto as Exhibit B.

## H.  MUTUAL RELEASES

1. **By Plaintiffs**: Except for any violations that arise from a breach of this Agreement, Plaintiffs, on their behalves and on behalf their successors, heirs, and assigns, hereby releases, remises, and forever discharges Defendant Black and his successors, heirs, and assigns, from all claims, suits, actions, charges, demands, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the Lawsuit.

2. **By Defendant**: Except for any violations that arise from a breach of this Agreement, Judge Black, on his behalf and on behalf his successors, heirs, and assigns, releases,

remises, and forever discharges Plaintiffs and their successors, heirs, and assigns from all claims, suits, actions, charges, demands, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the Lawsuit.

I. **MISCELLANEOUS**

1. This Agreement will be binding upon and will inure to the benefit of the signatories hereto and their heirs and assigns.

2. No amendments of this Agreement will be valid unless made in writing and signed by all of the signatories hereto.

3. This Agreement may be executed in duplicate counterparts, each of which will be deemed an original, with the same effect as if the signatures thereto were on the same instrument.  Each signatory to the Agreement may execute this agreement by telefax or email of a scanned copy of the signature page, which shall have the same force and effect as if executed on an original copy.

4. The Parties further agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

5. The Parties represent and warrant that they are not relying on the advice of any other Party, or anyone associated with them, as to legal, tax (income, estate, gift, or otherwise), or other consequences of any kind arising out of this Agreement; that they have not relied on any representations or statements, written or oral, of any other Party, except insofar as those representations or statements are set forth in this Agreement; and that they are

knowingly and voluntarily signing this Agreement and are not subject to duress, coercion, or undue influence by any other Party or by anyone else.

6. The Parties understand that they have the right to obtain legal counsel to review and evaluate this Agreement, and attest that they have done so or else have agreed to waive this right.

7. If, after the date hereof, any provision of this Agreement is held to be illegal, invalid, or unenforceable, the remaining provisions shall continue in full force and effect.

8. It is the intent of the signatories that no part of this Agreement is to be presumptively construed either against or in favor of any signatory because of the identity of the drafter.

9. Paragraph headings contained herein are for purposes of organization only and do not constitute a part of this Agreement.

10. Any communications or notices to be provided to legal counsel for the Parties pursuant to this Agreement will be sent in writing via email or addressed, via commercial overnight delivery service, to the attention of the persons identified below (or as the signatories may subsequently direct in writing):

<u>Plaintiffs' Counsel:</u>

–Micah West
ATTN:  Cook v. Bogalusa
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
Telephone:      (334) 956-8200
Fax:               (334) 956-8481
Email: micah.west@splcenter.org

<u>Defendant's Counsel:</u>

E.B. Dittmer, II, Esq.
Talley Anthony Hughes & Knight, L.L.C.

2250 7th Street
Mandeville, LA 70471
Telephone:     (985) 624-5010
Fax:               (985) 624-5306
Email: ted.dittmer@talleyanthony.com

11. This Agreement, including the referenced attachments and exhibits to the Agreement, constitutes the entire agreement and understanding between and among the signatories with respect to the subject matter hereof and supersedes all other prior or contemporaneous oral agreements, understandings, undertakings and negotiations of the Parties.

**SIGNATURE PAGE FOLLOWS**

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their own signature or by their duly authorized representatives.

RICHARD BOLGIANO

Date  8/18/17

BRADLEY MOSES

Date  8/22/17

BENNY GRAHAM

Date _____

SAMUEL BROOKE, counsel for Plaintiffs

Date _____

JAMES LORIO

_____

Date _____

MARISA PAM

_____

Date _____

ROBERT J. BLACK

_____

Date _____

E B DITTMER, counsel for Defendant Black

_____

Date _____

**Exhibits and Forms attached to and made a part of this Agreement**

Exhibit "A":   Bogalusa City Court Procedures for Appointment of Counsel, Fines and Court Costs, and Community Service, and Forms 1-5

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their own signature or by their duly authorized representatives.

RICHARD BOLGIANO

_____

Date _____

BRADLEY MOSES

_____

Date _____

BENNY GRAHAM

*Benny Graham*

Date 8/15/17

SAMUEL BROOKE, counsel for Plaintiffs

_____

Date _____

JAMES LORIO

_____

Date 8/15/17

MARISA PAM

*Marisa Pam*

Date 8/15/17

ROBERT J. BLACK

_____

Date _____

E B DITTMER, counsel for Defendant Black

_____

Date _____

**Exhibits and Forms attached to and made a part of this Agreement**

Exhibit "A":   Bogalusa City Court Procedures for Appointment of Counsel, Fines and Court Costs, and Community Service, and Forms 1-5

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their own signature or by their duly authorized representatives.

RICHARD BOLGIANO                              JAMES LORIO

_____                      _____

Date _____                       Date _____

BRADLEY MOSES                                 MARISA PAM

_____                      _____

Date _____                       Date _____

BENNY GRAHAM                                  ROBERT J. BLACK

_____                      _____

Date _____                       Date _____

SAMUEL BROOKE, counsel for Plaintiffs         E B DITTMER, counsel for Defendant
                                              Black

_____                      _____

Date 8/23/2017                                Date _____



**Exhibits and Forms attached to and made a part of this Agreement**

Exhibit "A":   Bogalusa City Court Procedures for Appointment of Counsel, Fines and Court
               Costs, and Community Service, and Forms 1-5

10

*__CONFIDENTIAL SETTLEMENT COMMUNICATION__*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their own signature or by their duly authorized representatives.

RICHARD BOLGIANO                            JAMES LORIO

_____                     _____

Date _____                Date _____

BRADLEY MOSES                               MARISA PAM

_____                     _____

Date _____                Date _AUGUST 29, 2017_

BENNY GRAHAM                                ROBERT J. BLACK

_____                     _____

Date _____                Date _____

SAMUEL BROOKE, counsel for Plaintiffs       E B DITTMER, counsel for Defendant
                                            Black

_____                     _____

Date _____                Date _AUGUST 29, 2017_

**Exhibits and Forms attached to and made a part of this Agreement**

Exhibit "A":   Bogalusa City Court Procedures for Appointment of Counsel, Fines and Court Costs, and Community Service, and Forms 1-5

# Bogalusa City Court Procedures for Appointment of Counsel, Fines and Court Costs, and Community Service

1. **Appointment of Counsel/Evaluation for Indigency:**

   At the beginning of Court, all defendants will be advised of the right to the assistance of counsel and to an indigency determination at arraignment.  The Court will appoint counsel for any indigent defendant charged with an offense punishable by imprisonment, unless the Court obtains a valid waiver of counsel.  The Court will also evaluate every defendant for indigency at or before the time of sentencing.

   a. **Waiver of Counsel:** Before a defendant may validly waive her right to counsel, a defendant must sign the attached waiver of counsel form.[1] The Court will make the form available at the beginning of arraignment and direct anyone with questions to talk to the public defender.  If a defendant signs the form, the Court will conduct an individualized inquiry on the record to determine whether the waiver is made knowingly and intelligently under the circumstances.[2]

   b. **Counsel for direct contempt charges**: Indigent defendants facing charges of direct contempt will be represented by appointed counsel if counsel has already been appointed to represent them in the underlying case.  If the direct contempt proceedings will occur on the same day as the arraignment on the underlying charge(s) and counsel has not yet been appointed, the Court will first determine whether the individual is entitled to appointed counsel under this Paragraph and if the defendant is so entitled, will appoint the defendant counsel (or obtain a valid waiver of counsel) before proceeding with the direct contempt proceedings.

2. **Determination of Indigency:**

   The Court will use the attached form[3] and any additional verbal testimony that the Court, in its discretion, determines is necessary to determine indigency.  The Court's determination of indigence or non-indigence —and, in the case of a finding of non-indigence, the reasons for this finding—will be made part of the record of the proceeding and the form will become part of the defendant's case file. Any finding of non-indigence must be made on the record before the Court may require a defendant to serve time in jail for non-payment of a fine, court costs, and fees.

   The Court will follow La. R.S. 15:175 in making a determination of indigence.

---

[1] Attached as Form 1.
[2] Attached as Form 2.
[3] Attached as Form 3.

Exhibit A

a. Pursuant to La. R.S. 15:175, a person will be presumed "indigent" for purposes of appointed counsel and the imposition of fines and court costs if she (1) receives public assistance, such as Food Stamps, Temporary Assistance for Needy Families, Medicaid, Disability Insurance; (2) resides in public housing; (3) earns less than 200 percent of the Federal Poverty Guideline; or (4) is currently serving a sentence in a correctional institution or is housed in a mental health facility.

b. Whether or not a defendant is presumptively indigent pursuant to the provisions of subparagraph(a), the Court may consider other factors, including the following, to determine whether the defendant has the ability to hire her own attorney or pay the amount owed without substantial financial hardship: income or funds from employment or any other source, including public assistance, to which the defendant is entitled, property owned by the defendant or in which she has an economic interest, outstanding obligations, the number and ages of dependents, employment and job training history and efforts to gain employment, and level of education.

**3. Imposition of default time, community service and/or jail time:**

The Court will post in a public location in the courtroom and at the Clerk's payment window, and make available copies at the Clerk's payment window, a Notice to Defendants Regarding Fines, Court Costs, and Community Service[4] that reflects these agreed-upon procedures.

If imposing a fine, the Court will determine indigency based on La. R.S. 15:175 and the procedures outlined in Paragraph 2. No defendant who is found indigent following an indigence determination may be sentenced to a fine and court costs with a default jail sentence.

Nothing in this settlement agreement shall be construed to prevent the imposition of jail time on any defendant at initial sentencing if the court determines such sentence is appropriate in order to meet the State's interest in punishment and deterrence. However, a jail sentence may not be imposed solely because the person is deemed indigent.

The imposition of a jail sentence must not be based on an indigent defendant's inability to pay a fine, court costs, or any other amount of money to the Court.

Those defendants who have been found indigent for purposes of appointed counsel will be considered indigent for purposes of sentencing. However, because indigence determinations may be reviewed by the Court at any stage of the proceedings, it is within the Court's discretion to review a defendant's indigence again at a later date.

a. <u>Payment Options for Indigent Defendants.</u> If the Court finds it appropriate to impose a fine and court costs (a "monetary sentence") for an indigent defendant, the Court will not impose a default jail sentence.

---

[4] Attached as Form 4.

**Exhibit A**

Partial payments from indigent (and non-indigent) defendants will be accepted in person via cash or a money order on Wednesdays or Thursdays at the window of the Office of the Clerk of Court. A defendant may also mail a money order or cashier's check to the Court.  Under no circumstances will a person be charged additional court costs or fees, including late fees, for making partial payments.

b.   <u>Payment Options for Non-indigent Defendants.</u> If the Court determines that the defendant is not indigent and further determines that the defendant is unable to pay her fines and court costs in full at sentencing, the defendant will be permitted to make partial payments before the next court date with no minimum amount required, pursuant to the manner outlined in Paragraph 3(a).

The Court will further provide written notice included on the summons[5] consistent with the language required by the Financial Obligations for Criminal Offenders Act No. 260, Art. 895.5 (2017).

c.   <u>Show Cause Hearing.</u> The Court will schedule a Show Cause Hearing for a date no sooner than two months after sentencing for any defendant ordered to pay a fine and court costs.  Any defendant who has not paid her fine and court costs in full before this date will be expected to appear in person at the Show Cause Hearing.

i.   If the defendant appears at the Show Cause Hearing, the Court will inquire as to the reasons for nonpayment, including whether the defendant was unable to pay the amount owed.  The public defender will represent an indigent defendant at the Show Cause Hearing unless the Court obtains a valid waiver of counsel.

The Judge will proceed as follows:

1.   **For all defendants previously found indigent**, the Judge shall consider (1) waiving or reducing the amount of the fine and costs owed based on the defendant's financial situation, good-faith efforts to make payments to the best of her ability, and any other factors the Court finds relevant to establish that the defendant has taken to reform and improve herself; (2) giving the defendant an extension of time to make any payment(s) owed; or (3) imposing the community service sentence in lieu of payment with a proportional decrease in the default time based on any partial payments made, pursuant to the rate calculation set forth in Paragraph 3(d).

---

[5] Attached as Form 5.

**Exhibit A**

    2. **For those defendants previously assessed default time**, the Judge will determine whether they are now indigent.  If they are found to be indigent, the Judge shall consider the options in paragraph 3(c)(i)(1) above.  If they are found <u>not</u> to be indigent, the Judge may, in addition to the options identified in paragraph 3(c)(i)(1) above, activate the default time previously imposed, with a proportional decrease in the default time based on any partial payments made.

   ii. If the defendant fails to appear at this hearing, the Court will follow the procedures in Paragraph 4 below.

d. <u>Community Service.</u> If the Judge imposes a fine with a default community service sentence or otherwise requires community service in lieu of payment, the Judge will order the defendant to perform a specific number of hours of community service based on the amount of the fine and costs owed.  The amount of community service hours that the Court may impose in default of payment will be capped at no more than the fine and court costs owed divided by the rate of the current federal minimum wage (i.e. $7.25 per hour).  Additionally, the Court will not sentence a defendant charged with a traffic ticket to complete more than 16 hours of community service.  However, if the defendant has been charged with DWI, Reckless Operation, or Excessive Speeding, the Court shall retain the discretion to impose more than a default sentence of 16 hours of community service.

e. The Court will not require the defendant to perform more than 16 hours of community service per month, though the defendant may perform more per month if she desires.

f. No defendant sentenced to community service shall be charged a fee to sign up for, perform, or otherwise execute his or her sentence of community service.

g. The Judge will give the defendant an appropriate community service placement based on the Court's consideration of the defendant's physical and mental disabilities, transportation, work schedule, and childcare or caregiving responsibilities.  The Judge will ask every defendant at least the following two questions before imposing a community service sentence and may, in his discretion, ask any additional questions to determine an appropriate community service placement: (1) Do you have a physical disability that would prevent you from picking up litter?  (2) Are you able to perform community service on Saturday mornings?

h. <u>Failure to Perform Community Service.</u>  If a defendant completes at least 16 hours of community service per month, she will not be subject to contempt for failure to complete the remaining hours of her community service sentence.  If a defendant fails to complete at least 16 hours of community service per month, the

**Exhibit A**

Court may extend the time for completing community service or hold a properly noticed Show Cause Hearing.

    i.  If the defendant appears at the Show Cause Hearing, the Court will inquire as to the reasons for noncompliance, including whether the defendant was unable to complete the community service. The public defender will represent all indigent defendants at the hearing unless the Judge obtains a valid waiver of counsel. If after inquiry, the Judge determines there is:

        1.  An <u>inability</u> to perform community service, the Judge may (1) reduce, modify, or remit the order to perform community service, including modifying the community service placement; (2) if the person will have the ability to perform community service going forward, extend the time to perform community service; or (3) give the defendant the option of paying the remaining balance of the original fine and costs in lieu of performing the remaining community service.

        2.  An <u>ability</u> to perform community service, the Judge may consider the options listed in the previous paragraph, and may also find the defendant in contempt and impose punishment in accordance with La. C.Cr.P. art 25. After defendant completes this contempt sentence, the Court will close the case and consider the sentence satisfied in full.

    ii.  If the defendant fails to appear at this hearing, the Court will follow the procedures in Section 4 below.

**4. Failure to Appear – Direct Contempt Charge**

An attachment shall issue for a defendant who fails to appear at arraignment or any hearing date for which she has been properly noticed to appear.

The Court will send notice in accordance with law.

If the defendant is arrested on the attachment, the defendant may post bond if available under the Court's bail procedures. If the defendant fails to appear on the new hearing date, a new attachment will issue on the underlying charge.

The defendant will be held in direct contempt if the Court finds, after an opportunity for the defendant to be heard orally, that the failure to appear was contumacious[6] and that

---

[6] At a minimum, this requires a finding that the failure to appear was willful and openly defiant of the Court's order, instead of inadvertent or due to the defendant's inability to appear. *See State v. Taylor*, 451 So. 2d 691, 692 (La. Ct. App. 1984) ("In *Black's Law Dictionary,* 298 (rev. 5th ed. 1979), 'contumacious' conduct is defined as 'wilfully stubborn and disobedient conduct.' *Burton's Legal Thesaurus,* (1980), suggests that 'contumacious' means stubbornly disobedient, stubbornly rebellious, openly defiant, or willfully disrespectful.").

Exhibit A

proof of service appears in the record, in accordance with La. C.Cr.P. art. 21. A defendant found in contempt will be sentenced for the direct contempt in accordance with La. C.Cr.P. art 25.

If a defendant guilty of direct contempt is sentenced to a fine, with or without default time, the Court will follow the procedures in Section 3, above, to determine whether or not the imposition of default jail time and/or the jailing of a defendant for non-payment is appropriate.

**5. Collection of 1899 Court Costs and Contempt fines**

The Court will not assess or collect any court costs or any portion of contempt fees that will be deposited into an account controlled directly by the City Court. The City Court agrees to have all costs collected pursuant to La. R.S. 13:1899, the portion of the contempt fines, and all other fees or costs previously retained by the City Court of Bogalusa deposited into a special account maintained by the City of Bogalusa, which shall have control over the account and any disbursements made therefrom to defray the operating costs of the City Court. The Bogalusa City Court Judge will submit a yearly budget request (or amended budget requests, as needed) to the City of Bogalusa to fund the operations of the City Court and that accounts for any expenses the City is required to pay for under state law. The Judge's budget request (and any requests for an amended budget) shall be approved by the Mayor of Bogalusa and the Bogalusa City Council in accordance with the City of Bogalusa City Charter. The City of Bogalusa, in its discretion, may allocate any funds in the special account to the City Court in whole or in part as part of any budget allocation to the City Court to off-set the costs of funding the operations of the Court.

**6. Extension Fees**

The Court will discontinue the use of extension fees, late fees, community service fees, or any other fees unless that fee is explicitly authorized by state law. The Court will revise its Summons to remove wording related to extension fees, late fees, community service fees, or any other fee not explicitly authorized by state law.

**Exhibit A - Form 1**

# <u>BOGALUSA CITY COURT</u>
## <u>WAIVER OF RIGHT TO COUNSEL</u>

You are charged with a misdemeanor or a traffic offense and may be sentenced to serve time in jail.  You have the right to remain silent and to be presumed innocent until the prosecutor proves his case beyond a reasonable doubt.  You also have the right to a trial before a judge.  If you go to trial, you have the right to call and cross-examine witnesses and to testify or remain silent.  You also have the right to be represented by an attorney at every stage of your case.

You may hire an attorney to represent you.  If you would like the assistance of an attorney but if I find that you cannot afford one, I will appoint the public defender to represent you.

If you wish, you may waive your right to the assistance of an attorney.  If you waive this right, you will represent yourself and must follow all rules and laws that an attorney would be expected to follow in this case.

If you waive this right to the assistance of an attorney, you can later decide at any stage of this case to withdraw this waiver.  You have to tell me you are going to do this, and once I approve this decision, you can then hire your own attorney or have me decide if you are indigent and the public defender will be appointed to represent you.

_____          _____
Signature                                                        Date

**Exhibit A - Form 2**

## INDIVIDUAL INQUIRY

You are charged with _____ and may be punished with up to six (6) months in jail.  As a result, you have the right to be represented by an attorney at every stage of your case.

1. Did you sign a waiver of your right to counsel?

2. Do you understand that you have a right to an attorney at each stage of this case <u>and</u> that the Court will appoint an attorney to represent you if you cannot afford one?

3. Do    you    still    wish    to    waive    your    right    to    counsel?

**Exhibit A - Form 3**

**BOGALUSA CITY COURT**
**INDIGENCE DETERMINATION ASSISTANCE FORM**

| NAME: | DOB: |
|---|---|
| ADDRESS: | |
| PHONE NUMBERS: | |

### *HOUSEHOLD INFORMATION:*

How many people live with you (including yourself)? _____
Who are they?  (Provide name, relationship & age)_____
_____

### *MONTHLY INCOME FOR THE HOUSEHOLD:*

On average, how much do you make each month after taxes? This includes funds from employment and any other source, including social security and public assistance: _____

Check any of the following forms of public assistance you receive:
□ Food Stamps/EBT                 □SSI/Disability
□ WIC                                      □Medicaid
□TANF                                     □ Housing Assistance (public housing or Section 8)

For those individuals over the age of eighteen (18) who live with you, on average, how much does each of those individuals make each month after taxes? This includes funds from employment and any other source, including social security and public assistance: _____

### *EMPLOYMENT:*

Do you work?                 □ Yes                 □ No
If YES, where? _____ How long have you worked there?_____
If NO, when was your last date of employment? _____
        Reason(s) for unemployment:_____
        Last three (3) places application for employment was submitted and date of application(s): _____

### *SHELTER:*

What is your living situation? □  Homeless      □  Live w/ Family/Friends      □  Own
                                    □  Rent: Private □ Rent: Public                □ Rent: Section 8
                                    □ Incarcerated   □ Mental Health Facility

1

Exhibit A - Form 3

*OTHER ASSETS:*

Are you an owner of any immovable property          □ Yes                    □ No

If YES, estimated value of the property:  _____  and
          Percent ownership in this property:  _____
Do you have an interest in any other property, including but not limited to pending lawsuits, successions, valuable jewelry, iPhones, computers or motor vehicles?          □ Yes
          □ No

If YES, list each piece of property, what percent owner are you in the property and the estimated value of the property:_____

*OUTSTANDING OBLIGATIONS:*

Do you have any outstanding obligations, including but not limited to child support payments, medical expenses, mortgage, other legal financial obligations, etc.?  □ Yes          □ No

If YES, please list each monthly expense, amount, and total expenses:_____
_____

*EDUCATION AND JOB TRAINING:*

What is your highest level of education achieved?_____
Do you currently possess, or have you ever possessed any employment certifications or licenses?
□ Yes                    □ No

If YES, please list all certifications you CURRENTLY possess. _____
          Please list all certifications which you have possessed in the past which are no longer valid or active and the reason(s) these certifications were not maintained:
          _____

*I hereby submit under penalty of perjury that all answers given are true and correct.  I authorize the Bogalusa City Court to do any and all things reasonably necessary to verify my indigent status.*

_____
**Signature**                                                      **Date**

2

**Exhibit A - Form 3**

---

**FOR THE COURT:**

☐    The Court determines the defendant to be <u>indigent</u>.
        *For appointment of counsel only:*
           ☐    The Court appoints the public defender to represent the defendant.
           ☐    The defendant knowingly and intelligently waived his right to counsel.
☐    The Court determines the defendant to be <u>not indigent</u>.

Judge _____ Date _____

---

**Exhibit A - Form 4**

# NOTICE REGARDING FINES AND COMMUNITY SERVICE

## Fines and Court Costs

**1.   How much time will I have to pay if the Court sentences me to fines and court costs?**

The Court will give you at least two months to pay if you cannot pay your fine and court costs immediately.  The Court will give you a Summons with a time and date that you must return for a Show Cause Hearing.  <u>Your appearance at this hearing and any subsequent hearings is mandatory</u>, unless you have already paid all the money you owe.  If you fail to appear at your hearing, a warrant may be issued for your arrest and you may be subject to contempt charges.

**2.  Should I come to court if I don't have the money to pay my fine and court costs?**

<u>You should come to the Show Cause Hearing even if you cannot pay all your fines and court costs</u>.  A warrant will generally be issued for your arrest if you miss a court date.

**3.  Will I go to jail if I cannot pay my fine and court costs?**

<u>You cannot be put in jail solely for your inability to pay your fines and court costs</u>.  You can be put in jail only if you had the ability to pay but intentionally did not pay.

**4.  What will happen at my "Show Cause" hearing?**

At your "Show Cause" hearing, the Court will ask you if you paid your fines and court costs.

If you are <u>indigent</u>—meaning that you are unable to pay your fine and court costs—the Court may (1) waive or reduce the amount of the fine and costs owed; (2) give you an extension of time to pay; or (3) order you to complete community service in lieu of payment.

If the Court finds that you are <u>not</u> indigent—meaning that the Court finds that you are able to pay but willfully failed to pay—the Court may impose a jail sentence for non-payment.

**5.   Can I get an extension of time to pay?**

You may ask for more time to pay your fines and costs at your Show Cause Hearing.  The Court may ask you whether you are working or have other sources of income as well as about your expenses (i.e. rent, childcare, utilities, food, clothing, medical condition/bills, transportation, etc.). The Court may also ask about your efforts to obtain the money to pay, including your job skills and whether you have applied for jobs. <u>You should be prepared to explain at your Show Cause Hearing any financial hardship you are experiencing in paying your fines and costs.</u>

**6. Does the Court accept partial payments?**

Yes, the Court will accept partial payments before your Show Cause Hearing.  Partial payments will only be accepted on Wednesday and Thursdays at the Clerk's Office.

Exhibit A - Form 4

# Community Service

**1. How many hours of community service do I have to perform?**

The Court will tell you how many hours you must complete  The Court will sentence you to complete no more hours than what it would take to pay off your fine at a minimum wage-rate of $7.25 per hour.   If you have a traffic ticket (except driving under the influence, excessive speeding, or reckless operation), the Court will not require you to perform more than 16 hours of community service.

**2. How much time will I be given to complete community service?**

The Court will give you a reasonable amount of time to complete your community service.  The Court will expect you to perform at least 16 hours per month.

You will be given a Summons with a time and date for a hearing to show proof of completion of community service.  Your appearance at this hearing is mandatory, unless you have shown the clerk proof that you have completed your community service and the clerk has confirmed that you do not have to appear in court.  If you fail to appear at the hearing, a warrant may be issued for your arrest and you may be subject to contempt charges.

At that court date, the Court will ask you for proof, signed by a supervisor, showing how many community service hours you performed.  Before coming to court, you should have your supervisor write and sign a letter or fill out or complete a form documenting how many community service hours you performed.

**3. Where can I complete my community service hours?**

The Court will tell you where you must complete your community service at your court date. Please let the Court know at your hearing if you have a physical or mental disability or a work or any other conflict that will make it difficult for you to complete the community service.

**4. Can I go to jail if I failed to complete community service?**

You can go to jail if you intentionally failed to complete your hours of community service. You will not be sentenced to jail if you complete a minimum of 16 hours of community service per month.

You must come to the hearing even if you did not complete all your community service hours.  If you failed to complete community service, the Court will ask you to explain why.  You should tell the Court if you have a disability or other reasons why you cannot complete your hours. You may also ask for more time to finish the community service.

**5. Will the Court charge me any fees to perform community service?**

No, the Court will not charge you any fees to perform community service.

**Exhibit A - Form 5**

## SUMMONS

**CITY OF BOGALUSA  versus** _____ **No.** _____

**TO:** _____residing at _____:

You are hereby summoned to appear before the City Court of Bogalusa, Louisiana, held at the City Hall on _____ at 10:00AM, for a **Show Cause Hearing** if you have not paid or performed:

□ Restitution             □ Drug Screen           □ SACAY              □ DIP
□ Counseling             □ $75 Probation Fee      □ $40 Public Defender Fee
□ Proof of Completion of _____ Hours of Community Service at _____
□ Fines and Costs in the Amount of $_____
□ Other _____ (Explain)

**IMPORTANT NOTICE REGARDING THE HEARING ON THE RULE TO SHOW CAUSE FOR PROOF OF SATISFACTION OF FINANCIAL OBLIGATION:**

(a) Payment of a fine and costs may be made prior to your rule to show cause hearing date in partial or installment payments.

(b) At the rule to show cause hearing, the court will evaluate your ability to pay the fines and fees listed above.

(c) You are ordered to bring any documentation or information that you want the court to consider in determining your ability to pay.

(d) Your failure to make a payment toward the ordered financial obligation may result in your incarceration only if the court finds, after a hearing, that you had the ability to pay and willfully refused to do so.

(e) You have the right to be represented by counsel of your choice. If you cannot afford counsel, you have the right to be represented by a court-appointed lawyer at no cost to you.

(f) If you are unable to make a payment toward the ordered financial obligation, you may request payment alternatives including but not limited to community service, a reduction of the amount owed, or both.

(g) During the hearing, you will have a meaningful opportunity to explain why you have not paid the above-listed amounts by presenting evidence and testimony.

HEREIN FAIL NOT UNDER PENALTY OF THE LAW.
Given under my hand officially in Bogalusa, Louisiana, this

_____
Clerk, City Court of Bogalusa

Received this summons, together with a certified copy, on the _____ day of _____ 20____, and served same on the _____ day of _____ 20____, by handing to _____at_____, and make this my return on the _____ day of _____ 20___.